IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CASE NO. 1:15-CV-439

| | |
|---|---|
| LEGALZOOM.COM, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>NORTH CAROLINA STATE BAR; RONALD L. GIBSON, in his official capacity only; JOSHUA T. WALTHALL, in his official and individual capacities; FERN GUNN SIMEON, in her official and individual capacities; and JOHN N. FOUNTAIN, in his official and individual capacities,<br><br>    Defendants. | **DEFENDANTS'**<br>**MOTION TO DISMISS** |

    Defendants, through counsel and pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure, respectfully request that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice. In support of this motion, Defendants show the Court the following:

    1.    Plaintiff alleges that Defendants, including the North Carolina State Bar, two of its officers, and two of its employees, violated Sections 1 and 2 of the Sherman Act, with respect to Plaintiff's efforts to register its purported prepaid legal services plans beginning in 2010. At all times, Defendants acted pursuant to the authority conferred upon the State Bar by the North Carolina General Assembly, and with the approval of the

Chief Justice of the North Carolina Supreme Court. Plaintiff alleges that Defendants' conduct is actionable under the federal antitrust laws despite the fact that the State Bar "readily register[s]" prepaid plans, as Plaintiff admits. (Compl. ¶ 66.)

2. Plaintiff has failed to state plausible antitrust claims under Sections 1 and 2 of the Sherman Act upon which relief can be granted. It has also failed to establish standing to bring Sherman Act claims. The Complaint does not sufficiently allege, among other things, a relevant product market, anticompetitive conduct, an antitrust injury, a conspiracy, or an intent to monopolize.

3. Plaintiff's attempt to compare the instant facts to those in the Supreme Court's recent decision in *North Carolina State Board of Dental Examiners v. Federal Trade Commission*, 135 S. Ct. 1101 (2015), fails. On every critical issue, this case is significantly different that the conduct of the Dental Board. For example, the State Bar has explicit authority to determine whether a proposed plan satisfies the requirements for prepaid legal services plans. The State Bar's members are not alleged to compete – and do not compete – with LegalZoom or any provider of prepaid legal services plans. The State Bar has not excluded prepaid legal services plan providers from the market; rather, it "readily register[s]" such plans.

4. Plaintiff's claims accrued in 2010, and therefore they are barred by the Sherman Act's four-year statute of limitations. *See* 15 U.S.C. § 15b.

5. The State Bar is a state actor. Accordingly, it and the other Defendants are entitled to state action immunity, for a number of reasons.

6. The State Bar, as an agency and instrumentality of the State of North Carolina, and the other Defendants, are entitled to immunity under the Eleventh Amendment as to Plaintiff's claims for money damages. With respect to the individual Defendants, the Eleventh Amendment bars Plaintiff's official-capacity claims and its nominal individual-capacity claims for money damages.

7. The individual Defendants are entitled to qualified immunity. At the relevant times, the individual Defendants could not have known that, by complying with the State Bar Rules and the Rules of Professional Conduct, which were approved by the Chief Justice of the North Carolina Supreme Court, they could be violating the Sherman Act and could be subject to a claim for money damages.

8. Defendant Fountain, who at all times acted as a member of the State Bar's Authorized Practice Committee and as acting chairperson of that committee during a hearing on Plaintiff's proposed prepaid plans, is also entitled to quasi-judicial immunity.

9. Defendants Walthall and Simeon, who at all times acted within the scope of their duties as State Bar employees and counsel to the State Bar's Authorized Practice Committee, are also entitled to quasi-prosecutorial immunity. Plaintiff has also otherwise failed to allege actionable conduct by Simeon in connection with the 2010 registration effort.

**WHEREFORE**, for the reasons set forth herein and in the accompany brief, Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety, with prejudice.

This the 20th day of August, 2015.

                /s/ Alan W. Duncan
                Alan W. Duncan
                N.C. State Bar No. 8736
                Allison Van Laningham Mullins
                N.C. State Bar No. 23430
                Stephen M. Russell, Jr.
                N.C. State Bar No. 35552

                MULLINS DUNCAN HARRELL
                     & RUSSELL PLLC
                300 N. Greene St., Suite 2000
                Greensboro, NC 27401
                Telephone: 336-645-3320
                Facsimile: 336-645-3330
                aduncan@mullinsduncan.com
                amullins@mullinsduncan.com
                srussell@mullinsduncan.com


                Roy Cooper, Attorney General of the State
                of North Carolina

                By: /s/ I. Faison Hicks
                     I. Faison Hicks
                     Special Deputy Attorney General
                     N.C. State Bar No. 10672

                NORTH CAROLINA DEPT. OF JUSTICE
                Special Litigation Section
                114 W. Edenton St.
                Raleigh, NC 27603
                Telephone: 919-716-6629
                Facsimile: 919-716-6763
                fhicks@ncdoj.gov

                *Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system, which will provide notification of filing to counsel of record.

This the 20th day of August, 2015.

<pre>
                                        /s/ Alan W. Duncan
                                        Alan W. Duncan
</pre>