# Exhibit 1

# AMENDMENT TO THE RULES AND REGULATIONS OF THE NORTH CAROLINA STATE BAR CONCERNING PREPAID LEGAL SERVICE PLANS

The following amendment to the Rules and Regulations and the Certificate of Organization of the North Carolina State Bar was duly adopted by the Council of the North Carolina State Bar at its quarterly meeting on October 24, 2003.

BE IT RESOLVED by the Council of the North Carolina State Bar that the Rules and Regulations of the North Carolina State Bar concerning prepaid legal service plans, as particularly set forth in 27 N.C.A.C. 1E, Section .0300, be amended as follows (additions are underlined, deletions are interlined):

## 27 N.C.A.C. 1E, Section .0300 Rules Concerning Prepaid Legal Services Plans

### .0302 Registration Site

~~A prepaid legal services plan must be registered in the office of the North Carolina State Bar prior to its implementation or operation in North Carolina on forms supplied by the North Carolina State Bar.~~ <u>A prepaid legal services plan must be registered with the North Carolina State Bar prior to its implementation or operation in North Carolina. A duly authorized committee (hereafter, committee) of the North Carolina State Bar Council shall review a submitted plan to determine if it is a prepaid legal services plan pursuant to Rule .0310, and therefore should be registered in North Carolina. The committee may appoint a subcommittee to conduct an initial review and to recommend to the committee whether the plan meets the definition of a prepaid legal services plan. The committee shall also establish rules and procedures regarding the initial and annual registrations of prepaid legal services plans.</u>

NORTH CAROLINA
WAKE COUNTY

I, L. Thomas Lunsford, II, Secretary-Treasurer of the North Carolina State Bar, do hereby certify that the foregoing amendment to the Rules and Regulations of the North Carolina State Bar was duly adopted by the Council of the North Carolina State Bar at a regularly called meeting on October 24, 2003.

Given over my hand and the Seal of the North Carolina State Bar, this the 2nd day of February, 2004.

_____
L. Thomas Lunsford, II, Secretary

After examining the foregoing amendment to the Rules and Regulations of the North Carolina State Bar as adopted by the Council of the North Carolina State Bar, it is my opinion that the same is not inconsistent with Article 4, Chapter 84, of the General Statutes.

This the 5th day of February, 2004.

_____
I. Beverly Lake, Jr., Chief Justice

Upon the foregoing certificate, it is ordered that the foregoing amendment to the Rules and Regulations of the North Carolina State Bar be spread upon the minutes of the Supreme Court and that it be published in the forthcoming volume of the Reports as provided by the Act incorporating the North Carolina State Bar, and as otherwise directed by the Appellate Division Reporter.

This the 5 day of FEB, 2004.

_____
For the Court

# AMENDMENTS TO THE RULES AND REGULATIONS OF THE NORTH CAROLINA STATE BAR CONCERNING THE REGISTRATION OF PREPAID LEGAL SERVICES PLANS

The following amendments to the Rules and Regulations and the Certificate of Organization of the North Carolina State Bar were duly adopted by the Council of the North Carolina State Bar at its quarterly meeting on July 13, 2007.

BE IT RESOLVED by the Council of the North Carolina State Bar that the Rules and Regulations of the North Carolina State Bar concerning the registration of prepaid legal services plans, as particularly set forth in 27 N.C.A.C. 1E, Section .0300, be amended by deleting entirely the existing provisions and substituting therefor the provisions set forth below (all new language is underlined).

## 27 N.C.A.C. 1E, Regulations for Organizations Practicing Law
## Section .0300, Rules Concerning Prepaid Legal Services Plans

### Rule .0301 State Bar May Not Approve or Disapprove Plans

The North Carolina State Bar shall not approve or disapprove any prepaid legal services plan or render any legal opinion regarding any plan. The registration of any plan under these rules shall not be construed to indicate approval or disapproval of the plan.

### Rule .0302 Registration Requirement

A prepaid legal services plan ("plan") must be registered with the North Carolina State Bar before its implementation or operation in North Carolina. No licensed North Carolina attorney shall participate in a prepaid legal services plan in this state unless the plan has registered with the North Carolina State Bar and has complied with the rules set forth below. No prepaid legal services plan may operate in North Carolina unless at least one licensed North Carolina attorney has agreed to provide the legal services offered under the plan at all times during the operation of the plan. No prepaid legal services plan may operate in any manner that constitutes the unauthorized practice of law. No plan may operate until its registration has been accepted by the North Carolina State Bar in accordance with these rules.

### Rule .0303 Definition of Prepaid Plan

A prepaid legal services plan or a group legal services plan ("a plan") is any arrangement by which a person, firm or corporation, not otherwise authorized to engage in the practice of law, in exchange for any valuable consideration, offers to provide or arranges the provision of specified legal services that are paid for in advance of any immediate need for the specified legal services ("covered services"). In addition

to covered services, a plan may provide specified legal services at fees that are less than what a non-member of the plan would normally pay. The North Carolina legal services offered by a plan must be provided by a North Carolina licensed lawyer who is not an employee, director, or owner of the plan. A prepaid legal services plan does not include the sale of an identified, limited legal service, such as drafting a will, for a fixed, one-time fee. [This definition is also found in Rule 7.3(d) of the Revised Rules of Professional Conduct.]

**Rule .0304 Registration Procedures**

To register with the North Carolina State Bar, a prepaid legal services plan must comply with all of the following procedures for initial registration:

(a) A prepaid legal services plan seeking to operate in North Carolina must file an initial registration statement form with the secretary of the North Carolina State Bar, using a form promulgated by the State Bar, requesting registration.

(b) The owner or sponsor of the prepaid legal services plan must fully disclose in its initial registration statement form filed with the secretary at least the following information: the name of the plan, the name of the owner or sponsor of the plan, a principal address for the plan in North Carolina, a designated plan representative to whom communications with the State Bar will be directed, all persons or entities with ownership interest in the plan and the extent of their interests, all terms and conditions of the plan, all services provided under the plan and a schedule of benefits and fees or charges for the plan, a copy of all plan documents, a copy of all plan marketing and advertising materials, a copy of all plan contracts with its customers, a copy of all plan contracts with plan attorneys, and a list of all North Carolina attorneys who have agreed to participate in the plan. Additionally, the owner or sponsor will provide a detailed statement explaining how the plan meets the definition of a prepaid legal services plan in North Carolina. The owner or sponsor of the prepaid legal services plan will certify or acknowledge the veracity of the information contained in the registration statement, an understanding of the rules applicable to prepaid legal services plans, and an understanding of the law on unauthorized practice.

(c) The Authorized Practice Committee ("committee"), as a duly authorized standing committee of the North Carolina State Bar Council, shall review the initial registration statements submitted by each prepaid legal services plan to determine if the plan, as represented in its registration statement, meets the definition of a prepaid legal services plan as defined in Rule .0303, and therefore should be registered in North Carolina. The committee may appoint a subcommittee to conduct an initial review and to recommend to the committee whether the plan meets the definition of a prepaid legal services plan. The committee shall also establish any deadlines by when registrations may be submitted for review and any additional, necessary rules and procedures regarding the

initial and annual registrations, and the revocation of registrations, of prepaid legal services plans.

### Rule .0305 Registration

The committee shall review the plan's initial registration statement form to determine whether the plan meets the definition of a prepaid legal services plan. If the plan, as submitted, meets the definition, the committee shall instruct the secretary to issue a certificate of registration to the plan's sponsor. If the plan does not meet the definition, the secretary shall advise the plan's sponsor of the committee's decision and the reasons therefore. Upon notice that the plan's registration has not been accepted, the plan sponsor may resubmit an amended plan registration form or request a hearing before the committee pursuant to Rule .0313 below.

### Rule .0306 Requirement to File Amendments

Amendments to prepaid legal services plans and to other documents required to be filed upon registration of such plans shall be filed in the office of the North Carolina State Bar no later than 30 days after the adoption of such amendments. Plan amendments must be submitted in the same manner as the initial registration and may not be implemented until the amended plan is registered in accordance with Rule .0305.

### Rule .0307 Annual Registration

After its initial registration, a prepaid legal services plan may continue to operate so long as it is operated as registered and it renews its registration annually on or before January 31 by filing a registration renewal form with the secretary and paying the annual registration fee.

### Rule .0308 Registration Fee

The initial and annual registration fees for each prepaid legal services plan shall be $100.

### Rule .0309 Index of Registered Plans

The North Carolina State Bar shall maintain an index of the prepaid legal services plans registered pursuant to these rules. All documents filed in compliance with this rule are considered public documents and shall be available for public inspection during normal business hours.

### Rule .0310 Advertising of State Bar Approval Prohibited

Any plan that advertises or otherwise represents that it is registered with the North Carolina State Bar shall include a clear and conspicuous statement within the

advertisement or communication that registration with the North Carolina State Bar does not constitute approval of the plan by the State Bar.

**Rule .0311 State Bar Jurisdiction**

The North Carolina State Bar retains jurisdiction of North Carolina licensed attorneys who participate in prepaid legal services plans and North Carolina licensed attorneys are subject to the rules and regulations of the North Carolina State Bar.

**Rule .0312 Revocation of Registration**

Whenever it appears that a plan no longer meets the definition of a prepaid legal services plan; is marketed or operates in a manner that is not consistent with the representations made in the initial or amended registration statement and accompanying documents upon which the State Bar relied in registering the plan; is marketed or operates in a manner that would constitute the unauthorized practice of law; is marketed or operates in a manner that violates state or federal laws or regulations, including the rules and regulations of the North Carolina State Bar; or has failed to pay the annual registration fee, the committee may instruct the secretary to serve upon the plan's sponsor a notice to show cause why the plan's registration should not be revoked. The notice shall specify the plan's apparent deficiency and allow the plan's sponsor to file a written response within 30 days of service by sending the same to the secretary. If the sponsor fails to file a timely written response, the secretary shall issue an order revoking the plan's registration and shall serve the order upon the plan's sponsor. If a timely written response is filed, the secretary shall schedule a hearing, in accordance with Rule .0313 below, before the Authorized Practice Committee at its next regularly scheduled meeting and shall so notify the plan sponsor. All notices to show cause and orders required to be served herein may be served by certified mail to the last address provided for the plan sponsor on its most current registration statement or in accordance with Rule 4 of the North Carolina Rules of Civil Procedure and may be served by a State Bar investigator or any other person authorized by Rule 4 of the North Carolina Rules of Civil Procedure to serve process. The State Bar will not renew the annual registration of any plan that has received a notice to show cause under this section, but the plan may continue to operate under the prior registration until resolution of the show cause notice by the council.

**Rule .0313 Hearing before the Authorized Practice Committee**

At any hearing concerning the registration of a prepaid legal services plan, the committee chair will preside to ensure that the hearing is conducted in accordance with these rules. The committee chair shall cause a record of the proceedings to be made. Strict compliance with the Rules of Evidence is not required, but may be used to guide the committee in the conduct of an orderly hearing. The plan sponsor may appear and be heard, be represented by counsel, offer witnesses and documents in support of its

position and cross-examine any adverse witnesses. The counsel may appear on behalf of the State Bar and be heard, and may offer witnesses and documents. The burden of proof shall be upon the sponsor to establish the plan meets the definition of a prepaid legal services plan, that all registration fees have been paid, and that the plan has operated in a manner consistent with all material representations made in its then current registration statement, the law, and these rules. If the sponsor carries its burden of proof, the plan's registration shall be accepted or continued. If the sponsor fails to carry its burden of proof, the committee shall recommend to the council that the plan's registration be denied or revoked.

**Rule .0314 Action by the Council**

Upon the recommendation of the committee, the council may enter an order denying or revoking the registration of the plan. The order shall be effective when entered by the council. A copy of the order shall be served upon the plan's sponsor as prescribed in Rule .0312 above.

NORTH CAROLINA
WAKE COUNTY

I, L. Thomas Lunsford, II, Secretary-Treasurer of the North Carolina State Bar, do hereby certify that the foregoing amendments to the Rules and Regulations of the North Carolina State Bar were duly adopted by the Council of the North Carolina State Bar at a regularly called meeting on July 13, 2007.

Given over my hand and the Seal of the North Carolina State Bar, this the 16TH day of August, 2007.

L. Thomas Lunsford, II, Secretary

After examining the foregoing amendments to the Rules and Regulations of the North Carolina State Bar as adopted by the Council of the North Carolina State Bar, it is my opinion that the same are not inconsistent with Article 4, Chapter 84 of the General Statutes.

This the 23 day of August, 2007.

Sarah Parker, Chief Justice

Upon the foregoing certificate, it is ordered that the foregoing amendments to the Rules and Regulations of the North Carolina State Bar be spread upon the minutes of the Supreme Court and that they be published in the forthcoming volume of the Advance Sheets as provided by the Act incorporating the North Carolina State Bar, and as otherwise directed by the Appellate Division Reporter.

This the 23rd day of August, 2007.

_Hudson, J._
For the Court

# AMENDMENTS TO THE RULES AND REGULATIONS OF THE NORTH CAROLINA STATE BAR CONCERNING PREPAID LEGAL SERVICES PLANS

The following amendments to the Rules and Regulations and the Certificate of Organization of the North Carolina State Bar were duly adopted by the Council of the North Carolina State Bar at its quarterly meeting on July 23, 2010.

BE IT RESOLVED by the Council of the North Carolina State Bar that the Rules and Regulations of the North Carolina State Bar concerning prepaid legal services plans, as particularly set forth in 27 N.C.A.C. 1E, Section .0300, be amended as follows (additions are underlined, deletions are interlined):

## 27 N.C.A.C. 1E, Section .0300, Rules Concerning Prepaid Legal Services Plans

### .0304 Registration Procedures

To register with the North Carolina State Bar, a prepaid legal services plan must comply with all of the following procedures for initial registration:

(a) ...

(c) The Authorized Practice Committee ("committee"), as a duly authorized standing committee of the North Carolina State Bar Council, shall ~~review the initial~~ oversee the registration ~~statements submitted by each~~ of prepaid legal services ~~plan~~ plans in accordance with these rules. ~~to determine if the plan, as represented in its registration statement, meets the definition of a prepaid legal services plan as defined in Rule .0303, and therefore should be registered in North Carolina. The committee may appoint a subcommittee to conduct an initial review and to recommend to the committee whether the plan meets the definition of a prepaid legal services plan.~~ The committee shall also establish any deadlines by when registrations may be submitted for review and any additional, necessary rules and procedures regarding the initial and annual registrations, and the revocation of registrations, of prepaid legal services plans.

### .0305 Registration

Counsel will ~~The committee shall~~ review the plan's initial registration statement ~~form~~ to determine whether the registration statement is complete and the plan, as described in the registration statement, meets the definition of a prepaid legal services plan and otherwise satisfies the requirements for registration provided by Rule .0304. If, in the opinion of counsel, the plan, ~~as submitted,~~ clearly meets the definition and the registration statement otherwise satisfies the requirements for registration, ~~the committee shall instruct~~ the secretary will ~~to~~ issue a certificate of registration to the plan's sponsor. If, in the opinion of counsel, the plan does not meet the definition, or otherwise fails to satisfy the requirements for registration, counsel will inform the plan's sponsor that the registration is not accepted and explain any deficiencies ~~the secretary~~

~~shall advise the plan's sponsor of the committee's decision and the reasons therefore.~~ Upon notice that the plan's registration has not been accepted, the plan sponsor may resubmit an amended plan registration form or request a hearing before the committee pursuant to Rule .0313 below. <u>Counsel will provide a report to the committee each quarter identifying the plans submitted and the registration decisions made by counsel.</u>

NORTH CAROLINA
WAKE COUNTY

I, L. Thomas Lunsford, II, Secretary-Treasurer of the North Carolina State Bar, do hereby certify that the foregoing amendments to the Rules and Regulations of the North Carolina State Bar were duly adopted by the Council of the North Carolina State Bar at a regularly called meeting on July 23, 2010.

Given over my hand and the Seal of the North Carolina State Bar, this the 26TH day of August, 2010.

*L. Thomas Lunsford, II, Secretary*

After examining the foregoing amendments to the Rules and Regulations of the North Carolina State Bar as adopted by the Council of the North Carolina State Bar, it is my opinion that the same are not inconsistent with Article 4, Chapter 84 of the General Statutes.

This the 7th day of October, 2010.

*Sarah Parker, Chief Justice*

Upon the foregoing certificate, it is ordered that the foregoing amendments to the Rules and Regulations of the North Carolina State Bar be spread upon the minutes of the Supreme Court and that they be published in the forthcoming volume of the Advance Sheets as provided by the Act incorporating the North Carolina State Bar, and as otherwise directed by the Appellate Division Reporter.

This the 7th day of October, 2010.

*Hudson, J.*
For the Court